We begin arguments this morning with case number 22-2169, Kay Ellison v. United States. Ms. Brack. Good morning. Good morning. Good morning, your honors, and may it please the court. My name is Kara Brack from the law firm Nelson Mullins Riley in Scarborough and I'm court appointed counsel for the appellant, Ms. Kay Ellison. I would like to reserve two minutes for rebuttal. The narrow issue before this court is whether the process-based test for prejudice should be applied to Ms. Ellison's ineffective assistance of counsel claim because there was a procedural irregularity in her trial that led to a deprivation of a constitutionally guaranteed process. And as a result, whether her case should be remanded to the district court with instructions to hold an evidentiary hearing. Your honors, this case is about the difference between should not and could not. During her trial, Ms. Ellison's counsel did not tell her that she should not present an affirmative defense. Rather, he told her that she could not present an affirmative defense if she herself did not testify. As a result of counsel's patently false statement of the law, Ms. Ellison understood that the price to be paid for invoking her Fifth Amendment rights was that she lost the constitutional right to present a complete defense. And so let's assume, you know, if we were to analyze this under the Strickland test as was done by the district court, we would ask is that ineffective assistance? District court presumed it was but said there was no prejudice. Your argument, of course, is we don't need to do all of that. We step out of Strickland. Why is that? It's not so much that we step out of Strickland, your honor. Strickland requires a showing of ineffectiveness and also prejudice. The test that Ms. Ellison advocates for is still that there must be a showing of prejudice. Just that the showing of prejudice is different than the typical outcome determinative test. But having, excuse me, having found that there is prejudice, do we need to worry about the fact that according to you the wrong test was was used since prejudice was found anyway? We aren't presuming it were it was found, but but that that aspect is satisfied. Your honor, it's not so much that prejudice is presumed at this stage of the proceeding, but that Ms. Ellison should be afforded the opportunity to prove prejudice. And instead of showing that the outcome of the proceeding is different, Ms. Ellison need only prove prejudice by showing that but for counsel's ineffectiveness, she would have elected to employ the constitutional process that she lost. Is that? That is why the more difficult test. So what are we worried about? So your honor, the worry here is that by applying the strict, applying the outcome based test, which really should only be applied to cases where counsel is making strategic decisions, that test is very hard to overcome for petition habeas petitioners when the error affects the process in the proceeding itself. Not so much what counsel, what counsel strategic decision is. And what's the process that you're identifying? The process that I'm identifying here in this case is that counsel erroneously informed Ms. Ellison that if she elected not to testify, she could not present any defense whatsoever. As I understand the cases that you point us to, we're thinking about things like I had a right to a jury trial and I didn't choose a jury trial. I had a right to, maybe I would have accepted a plea or not accepted a plea. We have the deprivation of a complete process. Here, it seems like we have an incomplete process. Counsel was able to cross examine witnesses, was able to do an opening statement, a closing statement. And I'm trying to understand how far does this go? If we say that this is enough process, your client wanted to question 12 witnesses. If it had been five based on terrible advice instead of 12, is that the deprivation of process or is that something different? And how do we distinguish them? Your honor, the deprivation looks not so much to how many witnesses, what evidence was lost. This test should be employed in cases where a defendant has been deprived of a process and your honor is correct. What is the process here that effective assistance of counsel? No, the process here is Ms. Ellison's case in chief. The constitution does provide criminal defendants with a right to present a complete defense and returning to your honors. I find it difficult to say the process is the whole trial. We have a similar case coming up in a few minutes where the question is, were you entirely deprived of the right to counsel or were you only partially deprived of the right to counsel? And there the process we're talking about is the right to counsel. The process may be the right to a jury trial. The process may be the right to a public trial. And it would seem that following Supreme Court law, the rule is if you're denied the entire process, prejudice is presumed. If you're saying that it was, she was denied the entire process, but what, what, what process, what, what part of the trial to which she had a constitutional right was she denied? Your honor, I can answer your question in two points. First cases where we are speaking of denial of count, denial of count effective counsel entirely are usually the structural error cases in which prejudice is automatically presumed without looking any further into any prejudice inquiry, whether it is the outcome determinative test or the process-based test. That is not the test that Ms. Ellison advocates for today. Here, Ms. Ellison was deprived of her right to present her entire case in chief. And it's not that her counsel told her she shouldn't do it. It's not her counsel told her we should only put on one witness. It's that counsel erroneously told her that she could not present a defense at all, which we know is patently erroneous. Her entire case in chief was foreclosed. And I submit to this panel that this is more akin to a deprivation of a guilty plea or a deprivation by of a trial by jury in this court's precedent in Vickers and where we should apply the outcome determinative test where defendants must show there would have been a bearing on the outcome of the proceeding, as well as those cases where we should employ this test. So in Vickers, the defendant lost the right to a trial by jury and instead went for a bench trial. But the reason the process-based test is employed is not because of what exactly was defense counsel failed. We've never said that, counsel. I mean, I appreciate that's the rule that you're urging, but the cases that you're talking about have all looked to the loss of a proceeding. Yes, it focused in Vickers on the process that led to the loss of the proceeding, but it was always the loss of a proceeding, pretrial, post-trial that was the issue at place. You're talking about something that's happening during the proceeding itself. And to Judge Montgomery Reeves' question, how are we drawing that line? At what point in the trial process are we going to say that this is the loss of something so fundamental that it eliminated Strickland? It seems like we would subsume Strickland analysis at that point. So I do appreciate that this court's precedents have so far only applied this to entire pretrial or post-trial or the exchange of a jury trial for a bench trial at this point in time. But however- Court too, right? I apologize. And the Supreme Court too. Correct. The Supreme Court has largely applied this in its precedent from the line of Hill all the way through Lee and Garza has really just been about the loss of an appeal or the loss of a plea. But here in this case, Ms. Ellison may have well pleaded guilty. And in fact, she may have lost the opportunity to plead guilty and receive a better outcome in general. The line here is that this was not a strategic decision by counsel. Let me ask you a question. Okay. It's a two-part question. First part, what applies outcome-based or process-based if a defendant decides not to testify based on everybody agrees deficient advice? Historically to date, the defendant alone testifying the outcome-based test has always applied to the defendant's loss of a right to testify on that. Second question. Assume we have a defendant who has no witnesses whatsoever. The only thing that witness has is that witness's own testimony. And that witness decides not to testify based on erroneous information. How do I distinguish between the outcome-based? Why would I be in a situation where I apply the outcome-based test in that scenario, but in a scenario where the same witness received erroneous information about, or it sounds like erroneous information, possibly about the right to testify, but also didn't call witnesses and just challenges to witness portion of it. I apply a different, less stringent test. So Your Honor, I can answer your question in two parts. First, if I understand the question correctly, you're asking what happens if the entire case in defense, case in chief, it's just the defendant themselves. And we've historically provide the outcome-determinative test. In that case, I think we look to the conduct of the counsel and did that conduct include a complete misstatement of the law that leads them to forfeit their right to testify or their right to present an entire defense? Or is it that defense counsel said to them, I don't believe that your testimony would be helpful in this case. You shouldn't, you shouldn't testify. So we would be determining then, we would be ruling that whether or not the outcome-based test or the process-based test applies turns on whether or not the advice is incorrect legal advice. So as this court stated in Vickers, the process-based, the first inquiry into whether the process-based test for prejudice applied, it depends on whether the defendant claims ineffective assistance based on a process that caused him to forfeit a constitutional right. So that threshold, it is almost a two-step analysis. We first have to determine, does this process-based test apply? And that first inquiry is whether the erroneous statement or counsel's ineffectiveness led to the loss of the entire process. Then once we know that the process-based test for prejudice applies, we then use the, but for counsel's error, would the defendant have elected to employ the process to which they lost? And when we look under that standard, the defendant needs to make a showing in the district court that they would have employed that process. And that is the determination for the district court in an evidentiary hearing. For example, in Vickers, this court, before Vickers reached this court, there was an evidentiary hearing and they determined that he would not have elected to go for a jury trial and instead, and did not vacate his sentence and conviction. Whereas in Velasquez, the court was able to make a determination that he would have elected to go, rather than a guilty plea, and did vacate and correct his sentence. What do you do with Palmer? Vickers doesn't purport to overrule it, and obviously it seems fairly directly applicable here. So what do you do with it? Palmer versus Hendricks really should only apply to strategic decisions. And this isn't, the delineation between the outcome-based test and the process-based test really wouldn't be of the Supreme Court's precedent. In fact, it follows Strickland's command that we should look to the nature of the proceeding itself. Strickland delineated, Your Honor, I see my time is up, may I have to leave? Yeah, please. Thank you. Strickland itself delineated on how the inquiry into prejudice can change based on the nature of the proceeding itself. And since Strickland, we've developed into these three cases. We have the outcome-based test, a structural error, and the procedural test. And Your Honors, I submit here today that the procedural test is the proper test to apply here in Ms. Ellison's case, where she lost her entire case in chief and was unable to rebut seven days, seven days of the government's evidence and testimony. And for those reasons, this court should remand Ms. Ellison's case to the district court with instructions to hold an evidentiary hearing. Thank you, counsel. We'll hear from you again on rebuttal. Thank you. Mr. Lange? Good morning, Your Honors, and may it please the court, Andrew Lange for the United States. The district court correctly denied Ellison's 2255 motion after finding that she had demonstrated no reasonable probability that any of her proffered testimony would have affected the outcome, that is to say the jury's verdict, of her presumptively reliable trial. That familiar Strickland prejudice analysis was required by binding precedent, and Ellison has offered this court no authority that would permit it to depart from that precedent. Well, she offers Vickers, right? And Vickers does talk about process, so comment on what counsel offers as a synthesis of Vickers and Palmer into a new test. We read Vickers as being consistent with all of the Supreme Court case law that Vickers relies on, and in particular Lafler. Vickers holds that when ineffective assistance of counsel deprives a defendant of process of an entire proceeding that they would otherwise have availed themselves of, that's sufficient for a showing of prejudice. They don't have to show that the outcome of the hypothetical non-existent proceeding would have been different. And that flows naturally from Flores-Ortega, from Hill, from Lafler. All of those cases hold that we don't require defendants, even as Garza put it, even defendants with poor prospects, we don't require them to show that they would have succeeded in a proceeding that never existed. And the crucial piece of rationale underlying all of those cases is that we can't accord a presumption of reliability to a proceeding that never existed. Strickland, of course, proceeds from the assumption that trials are presumptively reliable. So trial error, an attorney's ineffective assistance that occurs in the context of an otherwise presumptively reliable trial, which is exactly what we have here, is subject to the ordinary default Strickland outcome. But a trial with no defense is not the same as a trial with a defense. I don't disagree with that, Your Honor. And it's true that a trial without some important piece of But every court of appeals to consider this question, including this one and the Supreme Court, has consistently held that when you're dealing, whether on direct appeal or on collateral attack, with a trial that's missing some piece of evidence or where a prejudicial piece of evidence was admitted in violation of 403 or what have you, the prejudice analysis in all of those contexts asks, what would this trial have looked like with that evidence? What would the verdict have looked like with that evidence or without the prejudicial piece of evidence? But is this not fundamentally different? You have a case where you are missing a piece of evidence. This is a case where you have no defense. You don't put on a case in chief at all. Why isn't that fundamentally different? Well, I don't think that is fundamentally different. I don't think it's qualitatively different. I agree it's quantitatively different. And as Palmer acknowledges, defendants will likely have an easier time showing prejudice when their own right to testify was somehow violated. Because a defendant is a powerful advocate, if some issue like identity or motive is at issue, a defendant's own testimony might be powerfully important. But it's not a qualitatively different trial. And the same prejudice analysis applies. I think the Supreme Court's analysis in Smith versus Robbins is actually very persuasive on exactly that question. Because in Robbins, the Supreme Court held that the same prejudice analysis applies when appellate counsel fails to file a merits brief after following the state equivalent of Anders and when appellate counsel files a merits brief but fails to raise a particular claim. Obviously, those two scenarios are very different. Not filing a merits brief at all, telling a court my client's case is completely frivolous is different from filing a merits brief but not raising a particular issue. But Robbins said in no uncertain terms, it is no harder for a court to apply Strickland when appellate counsel has failed to file a merits brief at all. And indeed, it may sometimes be easier to show prejudice because all the petitioner has to demonstrate in a Robbins-type scenario is that they would have raised any non-frivolous claim. So basically, I agree with you, Judge Montgomery-Reeves, that it is a different trial without any defense at all. And it may be easier to show prejudice, but that doesn't change the basic fundamental prejudice analysis. And again, every court of appeal that has addressed this question has come out the same way. I also want to touch very briefly on my colleague's point that this advice was legally erroneous. First of all, I don't think there's been a dispute at least at this stage where we're basically accepting the pro se petition as true. There hasn't been a dispute that counsel's advice was legally erroneous. Obviously, the in order to put on a defense is incorrect. But I would encourage this court to see that really as going to the deficient performance prong of Strickland, not so much to the prejudice prong of Strickland. And I think the district court handled that issue appropriately as this court has encouraged district courts to do by rather than commenting on counsel's performance, simply resolving this case on the prejudice prong. So even assuming that counsel's erroneous advice deficient advice caused Ellison to decide not to testify to decide not to put on a case, even making that assumption, we can resolve this case on the basis of prejudice, which is the basis on which this court should affirm. I also want to very... Having decided on the basis of prejudice, do we really need to be, does this case really need to be before us today? Well, I think... It was decided on a test that is more difficult than the appellant would want, but it was decided on a test which, which exposes of the issue. And should we therefore be hearing all of this? I think Your Honor, this court could very straightforwardly affirm by simply holding that Palmer is still good law, Vickers and Velasquez don't overrule it. Lesko, of course, as Your Honor well knows, recently reaffirmed the holding of Palmer. So I think there is a very straightforward route to affirmance. I certainly, I do agree with that. I'm also happy, of course, to talk about the certificate of appealability issue with respect to orders denying evidentiary hearings. But I think that my colleague and I are basically on the same page with respect to that issue. And unless the court has any additional questions about these or any other issues, we ask the court to affirm. Judge Roth, anything further? Yeah, I have on the question of certificate of appealability, is the denial of a habeas hearing, is that an appropriate issue for an intermediate appeal before the final outcome of the case? No, it's not. It's not for a couple of reasons. So first of all, an order merely disposing of the evidentiary hearing question is not a final order. So for that reason, it's not subject to Section 2253's certificate of appealability requirement. But for the same reason, it's also not immediately appealable under 1291 or any other source of authority. And as we explained in a brief, it's also not a collateral order. And we've collected a couple of cases that go into that. I think Reeves from the 11th Circuit has a pretty fulsome discussion of that issue. So my short answer to Your Honor's question is no, it's not immediately appealable. But of course, as in this case, it is reviewable as part of a court's review of the appeal from the final order. Which is the way it's almost always going to come up, it seems. Yes, I think that's right, Your Honor. I think Reeves is an example of an unusual case where an order respecting an evidentiary hearing actually comes before a court, sort of part and parcel of an appeal from a different claim. But all of that having been said, I think the bottom line is yes, these orders generally are reviewed as part of the review of the final order. Thank you. Thank you. Thank you, counsel. Ms. Brack, we'll hear you on rebuttal. And I'm going to start with a question. Sure. And I want you to correct me if I'm wrong. I don't see an alternative argument that says, even if the outcome-based test applies, my client should still win because we satisfy the outcome-based test for showing prejudice. Did I miss that? Or am I correct? Your Honor, you are correct that that is not in the briefing. In this court's certificate of appealability, it pretty much did affirm the district court's finding under the outcome-based test. I would submit that in at least some way, Ms. Ellison could meet the outcome-based test. In the opinion affirming Ms. Ellison's direct appeal of her conviction and sentence, this court did state that Ms. Ellison left at least the loss, the government's loss expert unrebutted, and that despite the fact that she had the opportunity to do so, and that this did not violate the federal sentencing standards. But today we know Ms. Ellison did not believe that she had the opportunity to rebut that expert unless she herself testified. And based on the record, Ms. Ellison did have an expert ready to rebut the government's expert, an expert that she had paid $80,000, but she lost the opportunity to do so. And Your Honor, I would just like to one brief point up. Counsel stated that Palmer is still good law, and we agree. We're not looking for this court to overturn Palmer. But what we would like this court to recognize is that this case is materially different from Palmer, which was solely about the defendant's right to testify. And here we have the loss of Ms. Ellison's entire case in chief. Thank you. Thank you, counsel. And the case is submitted.